[Civ. No. 21737.  First Dist., Div. Three.  Oct. 28, 1964.]

ELSAM COMPANY, Plaintiff and Appellant, v. GEORGE BELL et al., Defendants and Respondents.

Duncan Davidson for Plaintiff and Appellant.

George D. Carroll for Defendants and Respondents.

SALSMAN, J.—Appellant brought this action to quiet title to certain real property.  Respondents filed a cross-complaint and asked the same relief.  Each party moved for summary judgment.  The trial court granted respondents' motion.

The facts are not in dispute.  Respondents have been owners of the real property in question since 1945.  In 1952 a Street Improvement Assessment District was created pursuant to the Improvement Act of 1911 for the purpose of constructing curbs and gutters.  Bonds were issued against the subject property to pay for the improvements.  Assessments were unpaid, and in 1958 an action was commenced to foreclose the lien of the bonds pursuant to Streets and Highways Code section 6610 et seq.  A decree of foreclosure, order of sale and appointment of a commissioner to conduct the sale re-

sulted. In the foreclosure proceedings the date set for bids to be received was February 17, 1960. Notice was given as provided by law and the sale was properly conducted. Appellant's assignor, Corona Land Company, was the successful bidder at the sale.

On February 23, 1960, the commissioner issued certificates of sale to the Corona Land Company and these certificates were recorded on the same day.

On February 20, 1961, the commissioner issued deeds to the real property to appellant as assignee of Corona Land Company, and these deeds were recorded February 21, 1961.

Thus the critical facts are that sale of the property was made on February 17, 1960; the commissioner's certificates were issued February 23, 1960, and the commissioner's deeds were issued February 20, 1961—more than one year after date of sale but less than one year after issuance and recordation of the commissioner's certificates of sale.

The question presented is whether time for redemption begins to run from the date of sale or from the date of the issuance and recording of the commissioner's certificates of sale.

█ We hold that the period of redemption runs from the date of sale rather than from the date upon which the commissioner issued the certificates of sale.

The Improvement Act of 1911 provides two methods of foreclosure in the event that bond assessments are unpaid. The first method is established by Streets and Highways Code sections 6500-6572, and provides for notice and sale by the county treasurer of property against which there exists a bond assessment deficiency. We are not here concerned with that method of foreclosure.

Streets and Highways Code sections 6610-6623 provide a separate, distinct and cumulative remedy of foreclosure by court action. This form of remedy was adopted by the bondholder in this case. Section 6615 provides in part: ''The court may adjudge and decree a lien against the lot or parcel of land covered by the bond and cause the premises to be sold as in other cases of the sale of real estate by the process of the court to satisfy and discharge the bond and lien, . . .'' and section 6618 provides: ''The action shall be governed and regulated by the provisions of this chapter and by the other provisions of law which are not in conflict herewith.'' Section 6617 says that: ''The premises, if sold, may be redeemed as in other cases.''

In proceedings by the treasurer for sale of property against which there is an improvement bond delinquency it is provided that after sale, the property sold may be redeemed "within 12 months from the date of purchase, or at any time prior to the application by the purchaser for a deed." (Sts. & Hy. Code, § 6530.) Code of Civil Procedure section 702 provides for redemption of property sold on execution and says that redemption may be made ". . . any time within twelve months after the sale. . . ." Thus, in this case, with respect to the time for redemption it is of little consequence whether the provisions of the Streets and Highways Code or the Code of Civil Procedure are applied, because the sole ground upon which respondents urge the invalidity of appellant's deed is that the deed was issued less than 12 months after the commissioner issued certificates of sale, although more than 12 months after actual sale.

No question is raised concerning any procedural step relating to the sale itself. Respondents do not claim any lack of notice. We are here concerned only with respondents' right of redemption and the time within which it must be effectuated.

We think it clear that use of such words as "twelve months from the date of purchase" and "twelve months after the sale" means 12 months from the date upon which the sale actually takes place, and not 12 months from the date upon which the officer conducting the sale issues his certificate of sale to the purchaser. The sale referred to in the code sections relating to redemption necessarily means the transaction at which the officer offers the property for sale and receives the bid of the purchaser and accepts the purchase money. When that is done, the sale is complete and the purchaser becomes entitled to his certificate of sale at once. Likewise, the purchaser's right to receive a deed attaches at the same time, and 12 months thereafter he is entitled to a deed to the property if no redemption is made.

A purchaser's right to receive a deed cannot be made to depend upon the issuance of a certificate by the officer conducting the sale because if this were so, the buyer's right to a deed might be indefinitely delayed by the neglect of the officer. Here the actual date of sale was February 17, 1960, and no redemption having been made, appellant became entitled to a conveyance of the property 12 months thereafter even though a full 12 months had not elapsed following the issuance of the certificates by the officer conducting the sale.

The judgment is reversed, with directions to the trial court to enter judgment for appellant.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 25, 1964, and respondents' petition for a hearing by the Supreme Court was denied December 23, 1964.